RECEIVED
IN LAKE CHARLES, LA
JUL 17 2012
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 09-CR-318-01 |
| | | CIV. NO. 12-CV-1285 |
| VS. | : | JUDGE MINALDI |
| ERIC JAMES BOUTTE | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 filed by the defendant, Eric James Boutte [Doc. 52]. The Government filed an Opposition [Doc. 55]. The defendant did not file a reply.

### Procedural History

On May 20, 2010, pursuant to a written plea agreement, Mr. Boutte pleaded guilty to production and possession of child pornography.[1] On August 19, 2010, Mr. Boutte was sentenced to 360 months of imprisonment for production of child pornography and 120 months for the possession of child pornography, the maximum sentence for both offenses.[2] Mr. Boutte's sentences were ordered to run consecutively, resulting in a term of imprisonment for 480 months.[3]

Mr. Boutte appealed the term of his sentence, the United States Court of Appeals for the Fifth Circuit upheld the 480 month sentence noting that it is consistent with the advisory range. *United States v. Boutte*, 461 F. App'x 397 (5th Cir. 2012).

---

[1] Plea Hr'g Tr. 14, May. 20, 2010. [Doc. 41]

[2] Sentencing Hr'g Tr. 12-13, Aug. 19, 2010. [Doc. 43]

[3] *Id.*

On May 16, 2012, Mr. Boutte filed a Motion for Leave to File Motion to Vacate Sentence Pursuant to 28 U.S.C. Section 2255 [Doc. 52]. The court ordered the government to respond to the defendant's motion [Doc. 53] and the government filed an opposition [Doc. 55].

### Facts [4]

Mr. Boutte was the target of an undercover investigation conducted by The Louisiana State Police Department and Immigration and Customs Enforcement to apprehend individuals who were downloading child pornography over the internet.[5]

Mr. Boutte was identified as a user of Lime Wire, a software program that allows users to download media files such as photos, music, and movies from other Lime Wire users.[6] Mr. Boutte's online activity indicated that he was engaged in trading child pornography with other Lime Wire users.[7] On August 13, 2009, the Louisiana State Police executed a search warrant.[8] The initial search of Mr. Boutte's computer revealed child pornography and subsequent search of Mr. Boutte's computer and compact disks revealed that Mr. Boutte was also engaged in the production of child pornography.[9]

On May 20, 2010, Mr. Boutte elected to plead guilty.[10] At his guilty plea, Mr. Boutte acknowledged under oath that he understood the contents of the plea packet and had discussed the impact the sentencing guidelines might have on the sentence with his attorney.[11] This court read the

---

[4] As summarized by the government.

[5] Plea Agreement Attach. 2, p. 1, May 20, 2011. [Doc.27]

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] Plea Hr'g Tr. 14, May. 20, 2010. [Doc. 41]

[11] Plea Hr'g Tr. 12-13, May. 20, 2010. [Doc. 41]

elements of the offenses during the hearing and Mr. Boutte acknowledged that he understood "each and everyone" of the elements and had no further questions. This court explained the maximum penalty to which Mr. Boutte could be sentenced and the effect that violation of supervised release could have on his sentence.[12]

The district court judge further explained that by pleading guilty, Mr. Boutte was waiving a number of rights.[13] Mr. Boutte was advised that he had the right to maintain his not-guilty plea and insist on a trial before a jury at which he would have the right to be represented by counsel, to put on evidence and to subpoena witnesses on his behalf, but would not be required to do so because the government would have the burden of proving his guilt beyond a reasonable doubt.[14] Mr. Boutte was also advised that he would also have the right to testify at trial and if convicted at trial he would have the right to appeal his conviction.[15]

After explaining the rights he was waiving, Mr. Boutte was asked if there was anything about his plea agreement that he did not understand and he said there was nothing.[16] The stipulated factual basis was read and Mr. Boutte was asked if it was "what happened;" Mr. Boutte admitted that it was.[17] Finally Mr. Boutte was asked if he was satisfied with his counsel's representation and he stated that he was.[18] It was only after this entire explanation under oath was completed that the defendant was asked how he wished to plead to the charges of possession of child pornography and production

---

[12] *Id.*

[13] *Id.* at 3-5.

[14] *Id.* at 8-9.

[15] *Id.* at 10.

[16] *Id.* at 11-12.

[17] *Id.* at 13.

[18] *Id.* at 14.

of child pornography.[19] Mr. Boutte replied, "guilty" on both counts.[20]

## Law and Analysis

Mr. Boutte claims that (1) he involuntary pleaded guilty without understanding the nature and consequences of his guilty plea, (2) that his counsel rendered ineffective assistance, and (3) that Mr. Boutte was deprived of due process.[21]

The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

A § 2255 petition is a form of collateral review; collateral review is fundamentally different from direct appeal and may not replace direct appeal. *United States v. Frady*, 456 U.S. 152 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc)*. Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. *Id.* A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232).

**Involuntary Plea of Guilt**

Mr. Boutte challenges the validity of his guilty plea. Mr. Boutte alleges that at the time of his plea, he "did not have any understanding of [the] proceedings or [an] understanding of the result of

---

[19] *Id.* at 13-14.

[20] *Id.* at 14.

[21] Def.'s §2255 Pet. p. 6-8, May 16, 2012. [Doc. 52]

his guilty plea."[22] Mr. Boutte failed to raise this issue on appeal.[23]

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. *Hill v. Lockhart*, 106 S.Ct. 366 (1985). Since Mr. Boutte pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983). Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). Therefore, the burden of proof is on Mr. Boutte to prove his allegations.

The defendant has introduced no evidence that the court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961).

The Fifth Circuit has stated that when a criminal defendant has solemnly admitted in open court that he is, in fact, guilty of the offense with which he is charged he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991).

At his guilty plea the undersigned asked Mr. Boutte if he understood the nature and

---

[22] *Id.* at 6.

[23] See *United States v. Boutte*, 461 F. App'x 397 (5th Cir. 2012).

Case 2:09-cr-00318-PM-KK Document 56 Filed 07/17/12 Page 6 of 8 PageID #: 171

consequences of the charges of his plea, Mr. Boutte replied "yes."[24] Mr. Boutte was also given the opportunity to ask questions and give a statement, at this time Mr. Boutte failed to raise any questions or concerns regarding the guilty plea or lack of understanding. He also denied being forced, threatened or coerced to plead guilty.[25] Under these circumstances the Supreme Court's statement that solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceeding, carries great weight. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

The defendant's petition furnishes no additional support for his claim that he was misinformed or pleaded guilty involuntarily.[26]

This court has reviewed the voluntariness of the defendant's plea and finds that the plea was, in fact, voluntary.

**Ineffective Assistance of Counsel**

Mr. Boutte argues that his counsel was ineffective because he "improperly advised and deliberately mis-guided [Mr. Boutte] to plead guilty."[27]

Evaluating whether counsel was ineffective is subject to the two-pronged test. *Strickland v. Washington*, 466 U.S. 668 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial. *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987).

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to

---

[24] Plea Hr'g Tr. 14, May. 20, 2010. [Doc. 41]

[25] *Id.*

[26] Def.'s §2255 Pet., May 16, 2012. [Doc. 52]

[27] *Id.* at 7.

show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. If the plea was voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir., 1994).

In his petition, Mr. Boutte asserts that his counsel was ineffective because Mr. Boutte never understood the nature and consequences of his guilty plea.[28] Mr. Boutte does not offer any evidence to support his failure to comprehend the proceedings. To the contrary, the transcript of the hearing indicates that he understood the charges against him.[29] At his guilty plea the district judge asked defendant if he was satisfied with the representation his attorney had provided to him and he replied "Yes. Yes, your honor."[30]

The transcript of the plea hearing, as well as the documents signed by Mr. Boutte, indicate that he was competent, understood the totality of the nature of the proceeding and that Mr. Boutte's counsel was effective. The defendant has introduced no evidence to the contrary. Therefore, Mr. Boutte's ineffective assistance claim is meritless.

**Due Process**

Mr. Boutte alleges that he was denied due process in violation of his Fifth and Fourteenth amendment rights because the judge was "partial and bias [sic]."[31]

Mr. Boutte is procedurally barred from making his claim because he did not raise this argument on direct appeal. "Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of

---

[28] *Id.*

[29] Plea Hr'g Tr., May. 20, 2010. [Doc. 41]

[30] *Id.* at 14.

[31] Def.'s §2255 Pet. p. 7, May 16, 2012. [Doc. 52]

constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

Mr. Boutte had ample opportunity to raise such a claim under a disqualification of justice claim upon direct review and failed to do so. A defendant generally may not raise a fundamental constitutional error in a § 2255 petition for the first time without showing both cause for the procedural default and actual prejudice resulting from the error. *United States v. Drobny*, 955 F.2d 990, 995 (5th Cir.1992). Mr. Boutte has failed to overcome procedural bar arising from his failure to assert his challenge on direct appeal. Thus this court cannot review Mr. Boutte's due process claim on the merits.

## Conclusion

Accordingly, for the reasons stated herein, the defendant's §2255 Motion will be denied.

Lake Charles, Louisiana, this __16__ day of July, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE